TATE, Judge.
This is a workmen’s compensation suit. The defendant employer appeals from judgment awarding the plaintiff compensation benefits for total and permanent disability. The plaintiff answers the appeal to request penalties for the arbitrary nonpayment of compensation due. The defendant employer filed in this court a motion to remand the case on the basis of newly discovered evidence.
The chief issue of this appeal is whether an accident at work caused the plaintiff’s undoubted disability.
The plaintiff Ferrier was a night watchman. He testified that he fell at about 11:00 P.M. on September 11, 1967, close to quitting time. He was able to walk to his truck and drive home, the pain becoming more severe along the way. The next day, the pain becoming much worse, he was taken by ambulance to the hospifal. It was there discovered that he had fractured a portion of the femoral neck of his right hip. As a residual, he is now unable to do any considerable walking without disabling pain.
In denying the accident, the defendant chiefly urges two discrediting circumstances: (a) Ferrier did not complain of his injury to three of his fellow workmen whom he saw just before leaving the work premises; (b) the medical testimony indicates that, in the usual case, a man of Ferrier’s heavy build could not have walked, following his fall, without greater manifestation of pain and complaints than those allegedly shown by the record.
In awarding judgment to the plaintiff Ferrier, the trial court essentially accepted *184 his testimony as truthful. The plaintiff has also given consistently the same history to his wife a few minutes after the accident, and to the ambulance drivers and the doctors the following day. Also, as the doctors found on the following day, the plaintiff had undoubtedly sustained a fractured hip not otherwise explainable under the evidence.
Additionally, the trial court noted that the testimony of the co-workers produced by the defendant employer was not consistent in several respects. We note, also, that their testimony furnishes some corroboration that Ferrier wished to leave early, for instance requesting from his truck a co-worker to punch him out on the last station on his time-clock.
The defendant persuasively argues that the plaintiff’s time-clock tape shows the plaintiff’s version of the accident to be inaccurate. However, the effectiveness of this argument depends upon the court’s agreeing with the defendant’s construction of the plaintiff’s testimony as showing he fell at a distant station rather than at the last station of his last round, as well as upon an acceptance of the (subsequently dated) tapes as those pertaining to the plaintiff and to his last day of employment. We find no manifest error in the trial court’s refusal to accord great weight to this tape offered in evidence, because of its evaluation of such factors contra-indicating the validity of this argument.
We further agree with the trial court that the medical evidence does not justify any necessary finding that Ferrier was untruthful in his testimony as to his walking and other activities following the accident. While usually a hip fracture will produce more severe initial disability and pain than that instanced here, nevertheless the type of fracture sustained by Ferrier may indeed have permitted the post-fall activity to which he testified.
As the defendant’s counsel ably argues, the lack of pronounced complaints to the co-employees, as well as the delayed report until the following day of the fall, are circumstances susceptible of interpretation as casting suspicion upon the plaintiff’s claim. On the other hand, we find no manifest error in the trial court’s considered evaluation as truthful of the plaintiff’s testimony, viewed also in the light of his initial hope that the injury from the fall was slight enough not to cause him to lose his day’s work the following day, nor to cast doubt upon his ability to perform his duties. (The plaintiff, a 62-year-old man, felt he was just hanging onto his job “by the skin of his teeth”, due to his age and his poor health, Tr. 262.)
Ultimately, the determination of credibility is a function of the trier of fact; it should not be disturbed upon review in the absence of manifest error. Further, the testimony of a claimant alone may be sufficient to establish the accident, where corroborated by surrounding facts and circumstances. Kirkham v. Consolidated Underwriters Ins. Co., La.App.2nd Cir., 219 So.2d 827. The application of this rule is not defeated by the production of discrediting testimony which is not believed by the trier of fact.
We therefore affirm the trial court’s finding of total disability. However, in view of all the circumstances, we must reject the demand for penalties asserted by the plaintiff’s answer to the appeal. We do not find the defendant’s failure to pay compensation so arbitrary and without reasonable cause as to require the imposition of such statutory penalties. LSA-R.S. 23:1201.2.

Motion to Remand

We were given some pause, however, by a motion to remand that the defendant filed after the oral argument in this court. Accompanying this motion is an affidavit by a lady who allegedly lives next door to Ferrier. According to this affidavit, the lady saw Ferrier on a ladder, she saw him slip, and she saw an ambulance arrive and take him away. The *185 lady says that she did not go over to the Ferrier house at the time he was hurt, but that she was later told that he had broken his hip.
Ferrier filed an objection and an answer to the motion to remand. Accompanying his pleadings are several affidavits to the effect that the lady in question was the wife of a foreman of the defendant, that she actually lived several blocks away from Ferrier, and that the allegations were completely false. The motions and affidavits also point out that the defendant did not explain why the testimony of this witness was not available to and discoverable by this employer during the twelve months of investigation intervening after the accident and before the trial below.
In view of the closeness of the factual question of the hip-accident, we were impressed by the seriousness of the issue presented by the motion, to remand. Nevertheless, a majority of this court has ultimately determined that a remand is not justified by the unexplained failure of the defendant until this late date to discover the alleged testimony of the lady, supposedly a next-door neighbor, Yarbrough v. Swift & Co., 119 La. 344, 44 So. 121; Granata v. Simpson, La.App. 1st Cir., 171 So.2d 284; Gaines v. Standard Accident Ins. Co., La.App. 1st Cir., 32 So.2d 633.
The accident of September 11, 1967, was reported on September 12, 1967. Suit was filed on December 5, 1967. The case was tried on the merits on October 16, 17, and 24, 1968. Adverse judgment was rendered on December 4, 1968, and an appeal taken to this court on December 23rd. After notices and briefing, oral arguments of the appeal were heard on April 11, 1969. The motion to remand filed on April 30th is based upon an affidavit of April 22nd. No specific allegation is made why this pertinent and available alleged evidence was not discovered earlier and in time for the trial.[1]
A majority has reached this conclusion, not only because of the policies inhibiting re-trials and indefinite prolongation of litigation upon allegations of further evidence (which might, however, with reasonable diligence have been presented at the trial). Due to the remedial purposes of the compensation statute, its procedures are designed to assure relatively swift payment of compensation to workmen proved disabled at work after a full trial on the merits; these general policies would be thwarted by ready remand upon belatedly discovered evidence.
The motion to remand is denied.

Decree.

Since we find no error in the trial court’s finding of total disability as a result of an accident at work, we affirm the trial court’s judgment, at the cost of the defendant-appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.
HOOD and MILLER, JJ., are of the opinion a rehearing should be granted to consider defendant’s request that this case be remanded.

. A new trial could be granted in the District Court only if applied for -within three days of the judgment, LSA-C.C.P. Art. 1974, if the party had alleged and proved that he had “discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.” LSA-C.C.P. Art. 1972(2).