PRICE, Judge.
This is an appeal by the plaintiff in a workmen’s compensation suit from a judgment of the district court rejecting his claim for benefits under the Louisiana Workmen’s Compensation Statute for a total and permanent disability.
Jewel Prud was a truck driver employed by Myers Brothers, Inc. of Shreveport, Louisiana, engaged in hauling produce in interstate commerce. Prud contends that while en route from Tampa, Florida, to Shreveport, Louisiana, during the latter part of February, 1968, he stopped his truck in Mobile, Alabama, for refueling. In the process of getting out of the truck cab he lost his footing when he missed a step and fell to the pavement, causing an injury to his back. Plaintiff named as defendants Myers Brothers, Inc., and their compensation insurance carrier, Coal Operators Casualty Company. Defendants denied the occurrence of the accident and any disability of the plaintiff as a result thereof. Our review is limited to the correctness of the trial court’s rejection of plaintiff’s claim because of his failure to establish the occurrence of an accident by a preponderance of the evidence.
The record reflects that on the trip during which plaintiff alleges he sustained the injury, he was accompanied by another driver, Herschle Pinnices. In his testimony plaintiff stated he fell out of the cab of the truck onto his right leg, causing pain immediately in his lower right back. He testified that the only witness to the fall was unknown to him. On his way into the restaurant to drink coffee, plaintiff contends that he encountered another driver of a Myers truck that he knew and whom he told of his injury. Plaintiff further testified that the extra driver, Pinnices, was asleep in the bunk bed behind the cab and did not wake up in Mobile.
*11 Herschle Pinnices, when called as a witness on behalf of plaintiff, testified that plaintiff made no mention to him of having hurt himself at any time on the trip, although plaintiff did complain about pain from hemorrhoids while en route to Florida. Contrary to the testimony of plaintiff, Pinnices testified he did wake up in Mobile and drank coffee in the restaurant. Pin-nices at the time of trial was no longer employed by Myers Brothers, Inc.
Plaintiff also called under cross examination a Mrs. Echols, the office manager for Myers Brothers, and sought to elicit from her an admission that plaintiff had called the office on the day following his return to Shreveport, disclosing that he had been injured in a fall from the truck in Mobile, and that he was seeking treatment from a doctor in Shreveport at that time. Although there is some confusion in the testimony of Mrs. Echols, she admitted that plaintiff either called or came by the office on the succeeding day and mentioned that he was undergoing medical treatment and had a number of prescriptions from a Dr. Wolfe; however, Mrs. Echols denied that plaintiff complained of having suffered an injury in a fall in Mobile. Mrs. Echols further testified that she construed plaintiff’s mention of medical treatment as pertaining to a recurrence of his hemorrhoid problem, which she and the plaintiff had previously discussed.
Dr. Donald E. Wolfe, a physician of Shreveport, Louisiana, testified in deposition that the plaintiff had visited his office on March 1, 1968, with complaints of backache and leg pains. He had no recollection of the plaintiff’s having told him of an injury resulting from a fall from a truck on the preceding day, and his office records disclosed no notation of such an injury in the patient’s history which was compiled on the day following the alleged accident. Dr. Wolfe also testified that, based on the subjective complaints of the plaintiff, he recommended that he be hospitalized for tests to determine the cause of his back pains.
Plaintiff was examined by Dr. Willis J. Taylor on April 24, 1968, by agreement of his own counsel and the defendant, Coal Operators Casualty Company. The report of Dr. Taylor was introduced in evidence and contains the following conclusion by him:
“At the present time this patient’s complaints are mostly subjective in character. He may well have sustained an acute lumbosacral strain superimposed upon a pre-existing acute lumbosacral angle which prolonged his recovery. Since he admits improvement, it is suggested that he be re-evaluated in one month.”
The only other evidence submitted by plaintiff was the testimony of Mrs. Bernita Rochelle, at whose home he stayed immediately after the date of the alleged accident, and the testimony of John Daniels, a friend who visited with him during this period of time. Each of these witnesses sought to describe his suffering with pain in his back, beginning immediately after the date of the alleged accident and lasting for several weeks.
Plaintiff did not call as a witness the driver of the other Myers Brothers truck whom he allegedly told about the fall immediately after it happened.
The testimony of the plaintiff alone may in some instances be sufficient to establish the occurrence of an accident in a workmen’s compensation case. Carter v. Casualty Reciprocal Exchange, 163 So.2d 855 (La.App.2d Cir., 1964). As stated in the Carter case, should the plaintiff rely on this principle to establish his case where no other witnesses were present, there must be nothing which impeaches or discredits his testimony, and it must be supported by surrounding facts and circumstances.
Appellant relies on the case of Ferrier v. Roy O. Martin Lumber Company, 223 So.2d 182 (La.App.3d Cir., 1969). In the Ferrier case a night watchman suffered a broken hip in a fall with no witnesses present. The trial judge accepted *12 his version of the happening of the accident, since he had related immediately thereafter to his wife and an ambulance driver that he suffered the injury in a fall while at work. The injury was logical and consistent with the facts and circumstances surrounding the incident. Thus, in the Ferrier case the appellate court merely affirmed the finding of the trial judge on a matter involving the credibility of a witness. Here, we have the opposite situation. The trial court has found plaintiff’s testimony insufficient to establish the happening of the accident. We can find no manifest error in this ruling, based on the contradictions and inconsistencies between plaintiff’s testimony and that of his witnesses. His testimony is not corroborated even by the driver riding with him on the trip, the person to whom he would logically have complained after having suffered such a fall and injury. In addition, plaintiff’s treating physician, Dr. Wolfe, had no record of a fall being sustained and could not remember such a complaint.
We are of the opinion that this case falls clearly within the holding in the Carter case, cited above, and no manifest error Has been committed by the trial judge.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s cost.