SAMUEL, Judge.
Plaintiff filed this suit against Dixie Forms & Web Offset Corporation and its workmen’s compensation insurer, Zurich Insurance Company, to recover compensation benefits for alleged total and permanent disability, together with medical expenses and attorney’s fees. Defendants answered, denying the alleged disability was caused by a work connected accident. After a trial on the merits, there was judgment in favor of the defendants, dismissing the suit. Plaintiff has appealed. We affirm.
On March 29, 1972, plaintiff was employed by Dixie Forms & Web Offset as a printing press operator. He alleged and *790 testified: During the course of his employment on that date he lifted a paper roll shaft weighing between 100 and ISO pounds by cradling it in his arms at the center of the shaft. While lifting the shaft, he experienced a sharp pain in his lower back, but continued work without reporting the incident because initially he did not consider it to be of a serious nature and because of his recent employment (he had been on the job only five days) he did not wish to jeopardize the new position.
Plaintiff reported to work and performed his duties on Thursday and Friday, March 30 and 31, 1972. He claims that during this time he experienced pain in his lower back which became more severe each day and that on the weekend he did very little to alleviate his pain, since he considered his injury to be of a minor nature.
Plaintiff further testified: He reported to work the next Monday, April 3, walking with a limp. His fellow employees inquires as to the reason for the limp, and he attempted to dismiss their inquiries by treating the matter lightly. He worked the entire day of the 3rd as well as the 4th and 5th of April, although his pain was increasing in intensity. On Thursday, April 6 he did not return to work; instead he went to a pharmacy in Picayune, Mississippi, where he purchased a corset to alleviate the back pain. However, he did not report the incident to his employer. The next day, Friday, April 7 he came to work wearing the corset and worked the entire day. That night he experienced severe pain and went with his wife to Crosby Memorial Hospital in Picayune. At the hospital he gave a history of a work related injury and was confined in traction from April 7 through April 18.
The first report to his employer of any injury whatsoever was made by plaintiff’s wife on Saturday, April 8, 1972. Plaintiff was then seen by various physicians, including Dr. Edward A. Attix, an orthopedic surgeon in Hattiesburg, Mississippi, and Drs. Roger P. Blitz and Stuart I. Phillips, both orthopedic surgeons in New Orleans. The discharge diagnosis of Crosby Memorial Hospital was “a possible ruptured disc at the level of L-4.” Dr. Attix confined plaintiff to Methodist Hospital in Hattiesburg, where a myleogram was performed. The myleogram was inconclusive and the discharge diagnosis from Methodist Hospital was a compressed sciatic nerve route.
Plaintiff was treated by Drs. Blitz and Phillips from June, 1972, through the time of trial. These physicians worked together and their diagnoses were somewhat different. Dr. Phillips, who conducted most of the plaintiff’s treatment, concluded he was suffering from a chronic back sprain.
Plaintiff produced no witnesses whatsoever to the alleged accident which caused his injuries. He did contend that a fellow employee, Alton Woods, was an eye witness to the lifting incident. However, when Woods was placed on the witness stand, he testified that at no time did he ever see the plaintiff lift a roll shaft, either alone or in conjunction with other fellow workers.
The defendants produced the testimony of the foreman in charge of the printing press and other members of the printing crew on the day in question. The foreman, Milton Knight, testified the first knowledge he had of any injury to the plaintiff was on Monday, April 3, five days after the alleged accident. On that morning Knight observed plaintiff walking with a distinct limp. Knight inquired as to the cause of the limp and teasingly suggested plaintiff was suffering from too much marital relations with his wife over the weekend. The plaintiff then explicitly said he had lifted or moved something at home over the weekend and in that way had caused his back to hurt. Knight further testified plaintiff had made no prior complaint to him of injury or pain and that plaintiff had not lifted the paper roll shaft on the previous Wednesday. He stated that a single man could not lift a paper roll shaft off the press from the center of the shaft without standing on and *791 tearing the paper webbing being fed into the press. If such an event had occurred Knight himself would have had to crawl under other webbing in order to tape the paper webs which would have been torn. Knight testified that he himself, as a foreman with long experience on such a press, could not perform this maneuver without damaging the webbing. He had no recollection whatever of damage to the webbing on the date of the alleged injury, which was on a day when his company handled the business of its largest account.
Also present during the conversation between Knight and the plaintiff were fellow employees Ellery James Vadreen, a first cousin of plaintiffs wife, and Roy Landry. Vadreen and Landry both confirmed Knight’s testimony by stating that Knight teased the plaintiff about his limp being caused by too much “sack time” with his wife over the weekend, in response to which the plaintiff stated he had injured his back at home over the weekend by lifting something. Knight, Vadreen and Landry all told substantially the same story.
The plaintiff in a workmen’s compensation suit is required to prove his case by a reasonable preponderance of the evidence just as he must do in any other case. In order to be successful, when he attempts to carry this burden on the basis of his testimony alone there must be nothing which discredits his testimony and his testimony must be supported by surrounding circumstances.[1]
In the present case, plaintiff’s testimony is discredited by the testimony of his fellow workers who unanimously stated he said he had injured his back at home over the weekend. Moreover, the surrounding circumstances do not support his testimony. The difficulty involved in lifting a roll shaft alone without standing on the paper being threaded through the printing press and tearing it, thereby completely disrupting the printing operation, also discredits the plaintiff’s story and the delay between the occurrence of the alleged accident on March 29, 1972, and its initial report to the employer on April 8, 1972, further detracts from the weight of his testimony.
While the trial judge gave no reasons for judgment, it is obvious he either chose to believe the defendants’ version of the incident or concluded the plaintiff had not carried his burden, of proving the injury was the result of an accident which occurred during the course of his employment. Considering all the circumstances, in either event we find no error.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Prud v. Myers Brothers, Inc., La.App., 240 So.2d 10; Carter v. Casualty Reciprocal Exchange, La.App., 163 So.2d 855.