SAMUEL, Judge.
This is a suit for total and permanent disability benefits and penalties and attorney fees under the Louisiana Workmen’s Compensation Act. Named defendants in her petition are plaintiff’s employer, Amp-co Plastics, and its insurer, “The ABC Insurance Co.”. Plaintiff alleges she was injured in an accident which occurred on February IS, 1973 in the course and scope of her employment for Ampco, a manufacturer of bathroom fixtures, cabinet doors, etc.
Plaintiff’s position, known as a filer and cleaner, required her to file smooth the edges of the doors and clean them with solvent. She allegedly sustained an injury to her left wrist when a sharp edge of one of the doors cut across her arm causing a severe twist of the left wrist and thq. base of the left hand. She did not report the accident to the company at that time. The following day she was discharged because, according to the employer, she was unable to meet her work quota. It was plaintiff’s opinion, however, that she was discharged because of union activities.
Four days after the accident plaintiff called her employer to discuss the reason for her dismissal. At that time she reported the accident and asked to be sent to the company doctor. Being of the opinion the accident had happened after plaintiff’s dismissal, the employer suggested she see her own physician.
*596 On February 21, 1973 Dr. Alvin E. Johnson examined plaintiff. She told the doctor the injury had been sustained on the job. She complained of pain in the left wrist and hand. Examination revealed a reddish-purple transverse scar with crust adherent, beginning at the middle of the left forearm, extending almost horizontally, medially across the medial aspect of the forearm, and an extremely tender nodular subcutaneous swelling in the radial artery of the left wrist, three to four millimeters in diameter. Analgesic tablets and a series of diathermy treatments were prescribed. Plaintiff was again seen on February 28, 1973 complaining of pain in the left wrist and all five fingers. The nodule of the wrist was still present but less swollen. At the time of trial on October 9, 1973 the nodule was still present and extremely tender.
Dr. Johnson was of the opinion the injury was compatable with the accident because the symptoms appeared within 72 hours after the injury and had not been present prior to the accident. His first impression was that the nodule mass represented a neuroma, a fibroma, or a ganglion of the wrist. However, on subsequent examination he was of the opinion this was incorrect, and he suggested a relatively minor operation to arrive at a proper diagnosis of the consistency of the nodule. He was of the further opinion that plaintiff was unable to perform the work she had been doing prior to the accident. Dr. Johnson was the only medical expert to testify.
Following trial on the merits judgment was rendered in favor of plaintiff and against Ampco and Liberty Mutual Insurance Company in the sum of $46.80 weekly beginning February 15, 1973, not to exceed 500 weeks, and expert fees of $100 for Dr. Johnson and $50 for Delvin Engeron (a business representative of a mill-mens union, who testified as an expert mill man) to be taxed as costs. Ampco has appealed.
In this court appellant contends the trial court erred: (1) in refusing to grant a continuance; (2) in refusing to stay the proceedings until plaintiff could be examined by a physician of defendant’s choice; (3) in refusing to order the Louisiana Department of Employment Security to make available plaintiff’s claim and file for unemployment compensation; (4) in setting expert’s fees in a rule to tax costs subsequent to judgment; and (5) in erroneously casting Liberty Mutual in judgment.
Appellant’s first contention is based upon the fact that on September 17, 1973, 10 days after service of suit, it filed a motion for an extension of 30 days in which to file responsive pleadings and a minimum delay of 45 days in the trial of the matter. The trial court granted an extension until September 21 to file responsive pleadings but refused to continue the trial date originally set, October 9, 1973.
Revised Statute 23:1315 provides in pertinent part:
“The petition shall be filed with the clerk of court and the judge shall fix by order a time and place for the hearing thereof, not less than three weeks after the date of service of the petition.
Within ten days after the service of the petition the adverse party shall answer the same and shall admit or deny the substantial averments thereof and shall state the contention of the defendant with reference to the matter in dispute as disclosed by the petition.” LSA-R.S. 23:1315.
It is important that workmen’s compensation cases be tried promptly to provide relief for the injured employee. Due to the remedial purposes of the compensation statute its procedures are designed to assure relatively swift payment after a full trial on the merits.[1] In the instant case the hearing was ordered and *597 held more than 3 weeks after service of the petition, a full compliance with the statutory requirement. In the absence of some compelling reason therefor, and here there is no such reason, we find no error in the trial court’s refusal to grant a continuance.
The second contention is based upon the fact that after trial on the merits on October 9, 1973, but prior to signing the judgment, defendant filed a motion to stay the proceedings and for a medical examination on October 31, 1973. The motion is based upon the fact that defendant had not been provided with a copy of plaintiff’s medical report as provided by R.S. 23:1122, although a copy of the same had been requested by defendant’s counsel in a letter to plaintiff’s counsel prior to trial; and that plaintiff failed to appear for a medical appointment with defendant’s physician set for October 26, 1973. Appellant therefore claims it is entitled to. stay further proceedings until plaintiff submits to a medical examination under the provisions of R.S. 23:1124.
Revised Statutes 23:1122 and 23:1124 respectively provide:
“The employer shall cause the examination provided for in the preceding section to be made immediately after knowledge or notice of the accident, and to serve a copy of the report of such examination made by the employer’s physician upon the employee within six days after the examination. If the examination is not made and the report is not furnished by the employer within that time, the employee shall furnish a report of the examination made by his own physician to the employer, for which the employee shall be entitled to receive from the employer the sum of one dollar. Upon the receipt by either party of such a report from the other party, the party receiving it, if he disputes the report or any statement therein, shall notify the other of that fact within six days, otherwise the report shall be prima facie evidence of the facts therein stated in subsequent proceedings under this Chapter.” LSA-R.S. 23:1122.
“If the employee refuses to submit himself to a medical examination as provided in this Sub-part or in anywise obstructs the same, his right to compensation and to take or prosecute any further proceedings under this Chapter shall be suspended until the examination takes place. When a right to compensation is suspended no compensation shall be payable in respect to the period of suspension.” LSA-R.S. 23:1124.
While it is clear defendant is entitled to a copy of plaintiff’s medical report and to have plaintiff examined by a doctor of its choice, the record establishes that Ampco was aware of the accident 4 days after its occurrence, refused to send plaintiff to its own physician at that time and did not set up a medical appointment for plaintiff until after the trial on the merits. In addition, Ampco was furnished plaintiff’s medical report on September 28, 1973, more than 10 days prior to trial. Under these circumstances, the motion to stay the proceedings after the trial had been concluded came too late.'
Relative to appellant’s third contention, the record establishes that following her discharge plaintiff had applied for and received unemployment compensation from the Louisiana Department of Employment Security. Defendant issued a subpoena duces tecum to the Department for its records in connection with plaintiff’s claim. The Department responded that these records are not subject to subpoena under the provisions of R.S. 23:1660.
In pertinent part the statute reads:
“ . ■ . Information, statements and reports thus obtained, or obtained from any individual, claimant, employing unit or employer pursuant to the administration of this Chapter, except to the extent necessary for the proper administration and enforcement of this Chapter, shall *598 be held confidential and shall not be subject to subpoena in any civil action or proceeding, . . .” LSA-R.S. 23:1660. (Emphasis ours).
We agree with the position taken by the Department. The court is precluded by the statute from ordering- the production of the documents requested. We further note that although plaintiff must be available for work in order to collect unemployment compensation, the fact that she may have been able to perform some kind of work would not necessarily disqualify her from receiving workmen’s compensation benefits as the workmen’s compensation statute contemplates inability to perform the same work, or work of a similar character.
We do not agree with defendant’s fourth contention, that experts’ fees cannot be taxed as costs in a separate rule to tax costs, but must be set at the trial of the matter. Until such time as the trial has been concluded, the matter of such costs is premature and until such time as a judgment is signed, there is no final judgment.[2] Although the trial judge orally indicated his intended judgment from the bench on October 9 at the conclusion of the trial on the merits, the judgment was not signed until November 8, 1973. That judgment, as signed, properly included the fees of the experts.
Finally, we consider appellant’s fifth contention, that Liberty Mutual is erroneously cast in the judgment. The petition alleges Ampco had in force a policy covering plaintiff’s injuries at the time the accident occurred and Ampco answered that allegation with the statement that at all times pertinent it had a policy of workmen’s compensation insurance in full force and effect with Liberty Mutual. However, the petition does not name Liberty Mutual; as we have pointed out, it only named “The ABC Insurance Co.” as the insurer in suit. In addition, the record shows no service of process on Liberty Mutual or its agent, nor did Liberty Mutual make any appearance in the suit in the trial court or in this court.
Despite these facts, which would appear to deprive the trial court of jurisdiction as to Liberty Mutual,[3] we cannot change the judgment to eliminate Liberty Mutual therefrom solely upon the request of Ampco, the only appellant. Insofar as is shown by the record, Ampco has no authority to appear or act for Liberty Mutual which can file an action to annul if it desires to do so.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Ferrier v. Roy O. Martin Lumber Company, La.App., 223 So.2d 182.

. LSA-C.C.P. Art. 1911.

. See LSA-C.C.P. Art. 6; Cortiza v. Ros-enblat, La.App., 291 So.2d 425.