790 So.2d 29 (2000)
Jack M. EDWARDS, Plaintiff-Appellee,
v.
SAWYER INDUSTRIAL PLASTICS, INC., et al., Defendant-Appellant.
No. 31,316-WCA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 2000.
Writ Denied February 2, 2001.
*30 Timothy B. Burnham, Brian A. Homza, Shreveport, LA, Counsel for Appellant.
M. Terrance Hoychick, Counsel for Appellee.
Before NORRIS, BROWN, WILLIAMS, CARAWAY & PEATROSS, JJ.
PEATROSS, Judge, on remand from the supreme court.
This case originally came to this court on appeal of Defendant Sawyer Industrial Plastics, Inc. ("Sawyer") and its insurer, Aetna Casualty & Surety Company, from a judgment of the Workers' Compensation Judge ("WCJ") finding Claimant, Jack M. Edwards, to be permanently and totally disabled; awarding him compensation benefits for injuries he allegedly sustained while working for Sawyer; assessing penalties and attorney fees against Sawyer; and failing to give Sawyer credit for benefits received by Mr. Edwards. In a separate and subsequent appeal, Sawyer challenged the WCJ's fixing of expert witness fees on a rule to show cause filed by Mr. Edwards after rendition of the final judgment on the merits. On appeal, we reversed the WCJ on the issue of causation, or Mr. Edward's entitlement to benefits and, therefore, did not reach the issues of degree of disability, penalties and attorney fees, credit for benefits paid or expert witness fees. The supreme court granted writs and, ultimately, reversed the decision of this court regarding causation, but found that Mr. Edwards was entitled only to supplemental earnings benefits rather than total and permanent disability benefits. Penalties and attorney fees were denied by the supreme court and the matter was remanded to the trial court to fix the amount of supplemental earnings benefits and the amount of the credit for unemployment compensation benefits received by Mr. Edwards.
In a subsequent application for rehearing filed by Defendants, the propriety and amount of the WCJ's award of expert witness fees were raised. Accordingly, the supreme court granted the application, in part, remanding those issues to this court for consideration. For the reasons stated herein, we find that the WCJ erred in awarding expert witness fees subsequent to the signing of the final judgment; and, therefore, the award of expert witness fees is vacated and set aside.

PROCEDURAL BACKGROUND
Judgment was rendered against Sawyer on December 3, 1997, and was signed on January 7, 1998. The portion of that judgment relevant to our inquiry reads as follows:
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendants, SAWYER INDUSTRIAL PLASTICS, INC. and AETNA INSURANCE COMPANY, pay all costs of these proceedings, together with legal interest on *31 these costs from the date of this judgment until paid.
There was no mention of expert witness fees in the January 7 judgment. On January 9, 1998, Mr. Edwards filed a Rule to Show Cause Why Expert Fees Should Not Be Taxed As Court Costs. The WCJ set the matter for argument, which was had on March 2, 1998; and, on March 10, 1998, the WCJ signed a judgment fixing expert witness fees. The relevant portion of the judgment on the rule to show cause reads as follows:
The court, after considering the evidence and arguments of counsel, finds the law to be in favor of [Mr. Edwards]. Particularly, the court signed the original Judgment on January 7, 1998, with the intent that a contradictory hearing be held thereafter to allow the court to determine a reasonable amount to assess for expert fees. This rule is herein made absolute and forms part of that final judgment signed on January 7, 1998.
The above judgment continues and fixes expert witness fees in the amount of $21,500 to Dr. Rick Irvin, $1,200 to Dr. Thomas Callender and $662.25 in court reporter fees for the taking of Dr. Callender's deposition.

DISCUSSION
Sawyer challenges the WCJ's judgment fixing expert fees arguing, first, that it was improper to fix an award of expert fees in a workers' compensation case after the rendition of the final judgment on the merits. Alternatively, Sawyer submits that the amount of expert fees awarded was unreasonable and should be reduced.
We begin our discussion noting the general rule that governs the taxing of costs. That rule is embodied in La. C.C.P. art.1920, which reads as follows:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.
La. R.S. 13:3666 sets out the general rule regarding taxing expert fees as costs and reads, in pertinent part, as follows:
B. The court shall determine the amount of the fees of said expert witnesses which are to be taxed as costs to be paid by the party cast in judgment either:
(1) From the testimony of the expert relative to his time rendered and the cost of his services adduced upon the trial of the cause, outside the presence of the jury, the court shall determine the amount thereof and include same.
(2) By rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determining the amount of the expert fees to be paid by the party cast in judgment, which rule upon being made absolute by the trial court shall form a part of the final judgment in the cause.
We also note that La. C.C.P. art.2088 specifies over which matters a trial court retains jurisdiction once a judgment has been rendered:
The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only *32 over those matters not reviewable under the appeal, including the right to:
* * *
(10) Set and tax costs and expert witness fees.
Based on the above statutory framework, clearly, the general rule is that expert witness fees may be taxed as costs against the party cast in judgment; and the trial court retains jurisdiction to do so, by a rule to show cause filed by the prevailing party after rendition of the final judgment.
There exists, however, a more specific rule regarding the fixing of expert witness fees in the context of workers' compensation cases. La. R.S. 23:1317 provides, in pertinent part, as follows:
B. Costs may be awarded by the workers' compensation judge, in his discretion, and when so awarded the same may be allowed, taxed, and collected as in other civil proceedings. The fees of expert witnesses shall be reasonable and shall not be allowed unless fixed in the judgment. The judgment rendered shall have the same force and effect and may be satisfied as a judgment of a district court. The director shall fix the fees to be charged by experts in each field of expertise on an hourly basis for the taking of the expert's deposition and travel time if the deposition is taken away from the expert's regular place of business. (Emphasis ours.)
Basic principles of statutory interpretation dictate that statutes on the same subject should be construed in harmony and unnecessary conflict should be avoided. First National Bank of Boston v. Beckwith Machinery Co., 94-2065 (La.2/20/95), 650 So.2d 1148. When a conflict exists between statutes, however, "the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character." Horil v. Scheinhorn, 95-0967 (La.11/27/95), 663 So.2d 697; First National Bank of Boston, supra. La. R.S. 23:1317 clearly mandates that the amount of expert fees be fixed in the final judgment and its specific application to workers' compensation cases, therefore, prevails over the general rule that the fixing of such costs may be deferred until a time after rendition of the final judgment. Moreover, the goal of statutory interpretation is to achieve the legislative intent behind the statute at issue. In enacting the title on Labor and Workers' Compensation, the legislature intended to provide a specific statutory framework within which workers' compensation claims are to be managed. As such, it logically follows that such specific provisions should prevail over the more general rules of procedure.
This reasoning is in accord with the supreme court's application of the predecessor to La. R.S. 23:1317, which was virtually identical to the present statute.[1] In Jefferson v. Lauri N. Truck Lines, 192 La. 29, 187 So. 44 (1939), a workers' compensation case, the supreme court expressly held that expert fees must be fixed in the final judgment on the merits and may not be fixed at any time subsequent to the rendition of that judgment. The supreme court explained:
The context in which appears the clause, `The fees of medical witnesses shall be reasonable and are not to be allowed unless fixed in the judgment', leaves no doubt that `the judgment', referred to, means the judgment rendered on `the merits of the controversy'. That *33 part of the statute begins with the declaration: `The judge shall decide the merits of the controversy as equitably, summarily and simply as may be.' Then follows the declaration that the judge may, in his discretion, impose the court costs upon either party to the suit, and that when so imposed the same costs may be allowed, taxed and collected as are allowed, taxed and collected for like services in other civil proceedings. The costs which are referred to here are the statutory costs, or fees of the court officials, and of nonexpert witnesses, which are fixed by a general statute on the subject. Hence there was no reason for declaring in the Employers' Liability Act that such costs should be reasonable, or that they were not to be allowed unless fixed in the judgment. But, as the additional fees of medical expert witnesses were not fixed by statute, the lawmakerperhaps on the suggestion of the corporations which bear the burden of defending suits for workmen's compensation deemed it wise to provide a protection against unreasonable or delayed charges for fees for medical expert witnesses. Hence the lawmaker inserted this clause, immediately after the clause referring to statutory costs of court, viz.: `The fees of medical witnesses shall be reasonable and are not to be allowed unless fixed in the judgment.' Then follows immediately the concluding sentence, which leaves no doubt that `the judgment' referred to is the judgment rendered `on the merits of the controversy' thus: `The judgment rendered by the court shall have the same force and effect and may be satisfied as other judgment[s] of the same court.' It was never contemplated that there should be two judgmentsone judgment disposing finally of the merits of the controversy, and a subsequent judgment fixing the fees of medical expert witnesses. On the contrary, the purpose of the amendment of the law, by Act No. 85 of 1926, p. 124, was to forbid the rendering of a judgment fixing and taxing as costs fees of medical expert witnesses, after the judgment `on the merits of the controversy' has become final. (Emphasis ours.)
While there is not an abundance of jurisprudence on this specific issue, the rule from Jefferson has never been abrogated and has been applied by this court on several occasions. See Carrington v. Consolidated Underwriters, 80 So.2d 427 (La. App. 2d Cir.1955), judgment modified on other grounds, 230 La. 939, 89 So.2d 399 (1956) (the statute requires that fees be fixed in the judgment awarding compensation, otherwise, such fees shall not be allowed); Valentine v. Southern Advance Bag & Paper Co., 20 So.2d 814 (La.App. 2d Cir.1944) ("[T]he Supreme Court has established the rule that fees must be fixed in the judgment rendered on the merits, and not in a subsequent judgment on a rule to tax costs."); Hester v. Tremont Lumber Co., 15 So.2d 94 (La.App. 2d Cir. 1943). See also Jackson v. W. Horace Williams Co., 12 So.2d 22 (La.App. 1st Cir.1943); Malone & Johnson, 14 Civil Law Treatise, Workers Compensation, § 386 (1994).[2]
*34 Significantly, we note that only one of the cases cited by Mr. Edwards seems to support his position, Arriaga v. Reliance Insurance Company of Illinois, 564 So.2d 832 (La.App. 3d Cir.1990).[3] Notably, however, this case is from the third circuit and is not, in our opinion, in line with the decision of our supreme court in Jefferson, supra. Additionally, none of the other cases cited by Mr. Edwards are workers' compensation cases; and, rightfully so, therefore, none of them either recognize or apply La. R.S. 23:1317. As previously stated, since the legislature has chosen to enact a specific provision regarding the fixing of expert fees for workers' compensation actions, those cases are not applicable in this context.
Before concluding this opinion, we believe it necessary to recognize two early workers' compensation cases out of the appellate court of Orleans, Pohl v. American Bridge Division, U.S. Steel Corp., 109 So.2d 823 (La.App.Orleans 1959), and Smooth v. Southern Stevedoring Co., 116 So.2d 204 (La.App.Orleans 1959). In Pohl, the court recognized the rule from Jefferson, supra, but chose to evaluate and award expert fees because the record in that case revealed that the trial judge "neglected to fix these fees in his original judgment after being requested to do so both before rendition of the judgment and after its rendition by a motion for a rehearing to revise the judgment...." Likewise, in Smooth, supra, the court again recognized the rule from Jefferson, supra, but awarded expert fees nonetheless where the parties had stipulated that, in the event judgment was rendered in favor of the plaintiff, expert fees should be awarded and that the fees "were omitted inadvertently from the judgment rendered by the trial court." The record in the case sub judice simply does not support such a departure from the rule announced in Jefferson, supra.[4] First, Mr. Edwards did not request that expert fees be fixed in his petition. Second, while Dr. Callender did file a motion to fix his fee due to a dispute between the parties regarding the amount of his fee, upon resolution of the fee dispute, the motion was dismissed. The dismissal was requested by both parties prior to the motion being heard by the WCJ. Finally, the judgment on the merits makes no mention of expert fees. Mr. Edwards urges us to rely upon the WCJ's statement in the judgment on the rule to show cause which indicates that she purposefully did not fix expert fees in the original judgment, but intended to conduct a contradictory hearing at a later time to determine the amount of said fees. Under the current law, however, the fixing of expert fees after the signing of the final judgment is not proper; and, therefore, the fees cannot be allowed despite the intentions of the WCJ. We can find no support in the record before us for making an exception to that rule.
*35 In summary, in light of the above supreme court and second circuit precedence, we are constrained to find that the WCJ's fixing of expert fees on a rule to show cause filed subsequent to the signing of the final judgment on the merits was improper. As such, we do not reach the issue concerning the reasonableness of the fees awarded.

CONCLUSION
For the foregoing reasons, the judgment of the Workers' Compensation Judge fixing expert fees is vacated and set aside. Costs of this appeal are taxed to Defendant, Sawyer Industrial Plastics, Inc.
JUDGMENT FIXING EXPERT WITNESS FEES VACATED AND SET ASIDE.
NOTES
[1] This section's predecessor provided that "[t]he fees of medical witnesses shall be reasonable and are not to be allowed unless fixed in the judgment." A 1988 amendment substituted "expert witnesses" for "medical witnesses" in the text of subsection B.
[2] Compare Thymes v. Ampco Plastics, 303 So.2d 594 (La.App. 4th Cir.1974), wherein the fourth circuit upheld the trial court's fixing of expert witness fees after the oral reasons for judgment, but before the final judgment was signed. We note also that one case from this circuit, decided shortly after Jefferson, supra, has held otherwise. See Edmond v. Waller's Inc., 193 So. 214 (La.App.2d Cir.1939). In Edmond, this court distinguished Jefferson on its facts and fixed experts fees to which this court found that the plaintiff was "equitably entitled." No later cases from this or any circuit have cited Edmond on this point of law; and, in light of later jurisprudence from this court, we decline to follow Edmond.
[3] Mr. Edwards also cites the first circuit case of Bourgeois v. Heritage Manor of Houma, 96-0135 (La.App. 1st Cir.2/14/97), 691 So.2d 703. We do not, however, find Bourgeois to be instructive in the instant case because the issue of the timing of the trial court's fixing of expert fees was not an issue on appeal in that case.
[4] In his appeal brief, Mr. Edwards makes several assertions of fact regarding the signing of the final judgment on the merits, as it relates to the subsequent rule to show cause, which are not contained in the record. Arguments in brief are not part of the record on appeal and, as such, will not be considered by this court. Commissioner of Insurance for State of Louisiana as Conservator/Rehabilitator of Independence Life Insurance Company in Rehabilitation v. Terrell, 26,363 (La.App.2d Cir.12/7/94), 647 So.2d 445.