902 So.2d 508 (2005)
Mr. and Mrs. Edward T. URSIN, et al
v.
The NEW ORLEANS AVIATION BOARD, et al.
No. 04-CA-885.
Court of Appeal of Louisiana, Fifth Circuit.
April 26, 2005.
*509 Patricia S. Leblanc, Michael L. Fantaci, Kelly McCarthy Rabalais, LeBlanc, Butler, Metairie, Louisiana, for Plaintiff/Appellee.
Roy M. D'Aquila, Aaron F. Broussard, Ronald J. Vega, D'Aquila, Volk, Mullins & Contreras, T. Robert Lacour, Kenner, Louisiana, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE
Certain owners of property near the New Orleans International Airport filed a class action alleging the constructive taking of their property because the noise and general inconvenience of operating the airport had rendered their property useless and essentially "taken" by the airport. On January 11, 1989, a Settlement Agreement was entered into. According to the Settlement Agreement, the City of New Orleans and the New Orleans Aviation Board agreed to purchase the properties, which were identified in a study and designated *510 as Subclass "A" and "B", with federal grant money as the funds became available. The amount of the attorneys' fees was to be decided by the Court, however, the Settlement Agreement did provide that the fees would be due upon receipt of the individual benefits by the class members.
On May 31, 1989, a judgment was issued by the trial court approving the Settlement Agreement, including an Addendum to the agreement, and adopting the agreement as the judgment of the court. On October 27, 1989, the trial court rendered another judgment entitled Ruling on Motion to Set Attorney's Fees. In that judgment, the trial court stated that the class members, whose property is purchased by The New Orleans Aviation Board, shall pay six percent (6%) of the individual benefits received, to the Class Counsel for attorneys' fees. The judgment further stated that the 6% of the purchase price shall constitute a lien on the property purchased. The agreement, along with the judgments rendered by the court, were filed in the mortgage records on October 27, 1992.
Resources of Eight, L.L.C. owned property located in the Subclass "B". On May 8, 2002, Resources of Eight entered into a purchase agreement with the City of New Orleans and the New Orleans Aviation Board to sell the property for Six Million Two Hundred Fifty Thousand Dollars and No/100 ($6,250,000.00). Resources of Eight conveyed the property to the City of New Orleans and the Aviation Board on July 15, 2002 for the agreed upon price. At the time of the sale, the six percent (6%) attorney's fees were not withheld from the purchase price. Resources of Eight alleged that ten years had elapsed from the date of the judgment of the court ordering payment of the attorneys' fees, therefore, the judgment had prescribed and there was no lien on the property.
On January 12, 2004, the attorneys for the class members filed a Motion to Enforce Settlement Agreement and Judgment of the Court. On March 30, 2004, the trial court granted the motion in open court and ordered Resources of Eight to pay Three Hundred Seventy Five Thousand Dollars and No/100 ($375,000.00), which represented the six percent (6%) of the purchase price of the property, plus interest and costs. The trial court provided oral reasons for judgment and stated that the judgment awarding attorneys' fees was not a money judgment and did not become a money judgment until the property was sold. Therefore, the judgment did not prescribe until ten years after the sale of the property. The trial court noted that the motion to enforce was filed and this judgment was rendered well within ten years after the property was sold, so there was no need to reinscribe. Resources of Eight filed a motion for new trial, which was denied. For the reasons which follow, we affirm the trial court's judgment awarding attorneys' fees in the amount of $375,000.00, which represents six percent (6%) of the purchase price of the property sold by Resources of Eight.

DISCUSSION
First, there is no question that the parties entered into a valid settlement agreement in 1989. According to that agreement, the City of New Orleans and the New Orleans Aviation Board would purchase the designated properties and attorneys' fees would be set by the court. The trial court then set attorneys' fees at six percent (6%) of the purchase price. The agreement also provided that the properties would be purchased as the federal grant funds became available. Purchases began at that time in 1989 and continued throughout the 2002 sale of the *511 property in question. Further, the settlement agreement provided that any member of the class that did not agree to the settlement provisions must opt out in writing.
The property in this case was originally owned by the Lacour family, who later formed a trust and assigned the property to the trust. The property was located near the airport and was designated as part of Subclass "B". The Lacour Family Trust was listed as a class member. Then, at the instruction of the trustees, the property was transferred to a holding company, Resources of Eight, L.L.C. Resources of Eight had constructive and actual knowledge that the property it acquired was part of the class action and was, therefore, subject to the Settlement Agreement. Neither Resources of Eight, nor the Lacour Family Trust or its trustees, opted out of the Settlement Agreement.
The Settlement Agreement, through the trial court's Ruling on Motion to set Attorneys' Fees, clearly provided for the payment of attorneys' fees from the purchase price. The trial court's ruling also provides that the attorneys' fees in the amount of six percent (6%) of the acquisition price of the property purchased, shall constitute a lien on the property. The agreement clearly provides that the attorney's fees are not due until the receipt of the individual benefits, which is the purchase price of the property. Therefore, this judgment of the Court is not a money judgment. Peter Title, an expert in real estate title examination, testified in the trial court that the 1989 judgment was not a money judgment. He testified that a money judgment orders the payment of a sum of money and may be executed under a writ of fieri facias. The 1989 judgment of the trial court, does not set a specific dollar amount for attorneys' fees. Also, according to that judgment, attorneys' fees were not due unless and until the property was sold to The New Orleans Aviation Board, at a later date. We agree with the trial court and find that the judgment did not require immediate payment and could not be enforced by a writ of fieri facias, and therefore, is not a money judgment.
Since this judgment is not a money judgment, it is not subject to the ten year prescriptive period provided for in La.C.C. art. 3501. That article provides that a money judgment rendered by the trial court is prescribed by the lapse of ten years from its signing if no appeal has been taken. We find that the judgment of the trial court setting the attorney's fees is not a money judgment, therefore, La. C.C. art. 3501 does not apply and the judgment has not prescribed.
Resources of Eight also argues on appeal that it should be excused from the contractual obligation to pay the attorney's fees because it received no benefit from the actions of class counsel. We find no merit to this argument. Resources of Eight obtained the property from the trustees of the Lacour Family Trust. Resources of Eight could have opted out of the class action and the settlement agreement. Instead, it remained part of the class and is obligated to pay the attorney's fees associated with that class. The Settlement Agreement is a contract and Resources of Eight is a party to that contract and will be held to its terms. Further, Resources of Eight's argument that the fee is unreasonable is meritless. This issue has already been heard and was decided by the trial court in 1989 when the amount of the fee was originally set. Therefore, Resources of Eight is barred from religating this issue by the doctrine of res judicata.
*512 In accordance with the above, we affirm the trial court's judgment granting the motion to enforce the settlement agreement and judgment of the court, and ordering Resources of Eight to pay attorneys' fees in the amount of $375,000.00.
AFFIRMED.