KUHN, J.
12Plaintiff-appellant, Robin Cawley, appeals the trial court’s judgment, which dismisses her claim against defendants-appel-lees, National Fire and Marine Insurance Company (National), Felton Payton, and Don Robert Services, Inc., based on a finding that it is prescribed. We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
According to the allegations of her petition, Mrs. Cawley was in an automobile accident on December 7, 2007. As she traveled through the right-of-way in the parking lot of a Shell gas station, located at 1570 N. U.S. Highway 61 near Burnside Avenue in Ascension Parish, the 2000 Ford F-150 truck she was driving was struck in the side by a vehicle driven by Felton Payton, with the permission and consent of the owner, Don Robert Services, Inc. She averred that as a result of the accident, she sustained bodily injures. Mrs. Cawley filed this lawsuit on February 18, 2009, naming Felton Payton, Don Roberts Services, Inc., and insurer, National, as defendants.
Defendants answered the lawsuit and filed a peremptory exception raising the objection of prescription. After a hearing, the trial court sustained the exception and dismissed Mrs. Cawley’s lawsuit. This appeal followed.
DISCUSSION
An objection of prescription is a peremptory exception. La. C.C.P. art. 927 *237 A(l). Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. If, however, the action is prescribed on its face, the plaintiff bears the burden of showing that the action has not prescribed. Lawrence v. Our Lady of the Lake Hosp., 2010-0849, p. 5 (La.App. 1st Cir.10/29/10), 48 So.3d |a1281, 1285. If evidence is introduced at the hearing on the peremptory exception of prescription, the trial court’s findings of fact are reviewed under the manifest error standard of review. But in a case involving no dispute regarding material facts — only the determination of a legal issue — a reviewing court must apply the de novo standard of review, under which the trial court’s legal conclusions are not entitled to deference. TCC Contractors, Inc. v. Hosp. Serv. Dist. No. 3, 2010-0685, p. 8 (La.App. 1st Cir.12/8/10), 52 So.3d 1103, 1108.
Because Mrs. Cawley filed her claim on February 18, 2009, based on injuries she alleges she sustained in an automobile accident that occurred on December 7, 2007, her petition is untimely. See La. C.C. art. 3492 (delictual actions are subject to a liberative prescription of one year). Thus, she bears the burden of proving her claim is not prescribed.
Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe. La. C.C. art. 3464. Such an acknowledgment is not subject to any particular formality. Mallett v. McNeal, 2005-2289, p. 5 (La.10/17/06), 939 So.2d 1254, 1258. Prescription of a delictual obligation can be interrupted by either an express or tacit acknowledgment. Id., 2005-2289 at p. 6, 939 So.2d at 1258 (citing Flowers v. U.S. Fid. & Guar. Co., 381 So.2d 378, 381-82 (La.1979)). A tacit acknowledgment occurs when, among others, a debtor makes an unconditional payment. Lima v. Schmidt, 595 So.2d 624, 634 (La.1992).
Mrs. Cawley asserts that three payments by National to her husband, Robert Cawley, for the property damages to the Ford F-150 truck that she was driving at the 14time of the accident constituted a tacit acknowledgement sufficient to interrupt prescription.
Admitted into evidence at the hearing were copies of two checks issued by National to Mr. Cawley in the amounts of $3,044.30 and $303.80; and another National check, issued to the repair shop, in the amount of $490.89; as well as a copy of a release for property damage signed by Mr. and Mrs. Cawley on June 2, 2008.
According to the terms of the June 2, 2008 release, the Cawleys agreed for consideration of the payment of $3,838.99 (i.e., the total amount of the three checks National issued to or on behalf of Mr. Caw-ley) to “release and forever discharge [defendants] from all liability for damages to any and all property resulting from [the] accident.” Thus, National’s payments were not unconditional.
According to La. R.S. 22:129o,[1]
No settlement made under a vehicle liability insurance policy for a claim against any insured thereunder arising from any accident or other event insured against for damage to or destruction of property owned by another person shall be construed as an admission of liability by the insured, or the insurer’s recognition of such liability, with respect to any *238 other claim arising from the same accident or event.
Under La. R.S. 22:1290, therefore, a settlement of a third-party claim for property damage relating to a vehicle liability insurance policy shall not constitute an admission of liability by the insured, or recognition thereof by the insurer, as to any other claim arising from the same accident or event. See Mallett, 2005-2289 at p. 9, 939 So.2d at 1260.
15A settlement is defined as a compromise and is distinguished from an unconditional payment. Id., 2005-2289 at pp. 9-14, 939 So.2d at 1260-63; see also La. C.C. art. 3071 (defining a compromise as a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship) and art. 3072 (requiring that a compromise shall be made in writing or recited in open court).
It is evident under an application of La. R.S. 22:1290 that the terms of the release signed by Mr. and Mrs. Cawley constituted a “settlement.” Clearly, National’s payment of $3,838.99 was conditioned on the Cawleys’ release of all liability for property damage for which defendants may have been obligated to them as a result of the accident. Thus, as a settlement, under La. R.S. 22:1290, the payment of property damage to Mr. Cawley cannot be construed as an admission of liability by any of the defendants. As such, those payments (which the parties do not dispute were for damages for property, namely the Ford F-150) did not interrupt prescription on the bodily injury claims Mrs. Cawley asserted against defendants.[2]
Noting that the personal injuries damages she sustained are her separate property, see La. C.C. art. 2344, Mrs. Caw-ley points out that that the total amount of consideration indicated in the release did not include the amount of a rental reimbursement made by National to Enterprise Rent-A-Car (Enterprise) for her use |fiof a vehicle, ostensibly during the time the Ford F-150 truck was in the repair shop. Mrs. Cawley emphasizes that the undisputed evidence shows the vehicle from Enterprise was rented in her name rather than her husband’s and that the payment tendered to Enterprise was on her behalf rather than her husband’s. Thus, she asserts payment to Enterprise was an unconditional payment made on her behalf by National that constituted a tacit acknowledgement of her claims for personal injuries sufficient to interrupt prescription.
In support of this assertion, Mrs. Caw-ley entered two invoices into evidence. The first invoice, addressed to Mrs. Caw-ley and indicating a check-out date of February 5, 2008, and a check-in date of March 13, 2008, states a total amount of $1,656.39 with an amount due of $392.31. The second invoice, addressed to National’s representative, claims adjuster Kimberly Vega and noting the renter was Mrs. *239 Cawley, likewise states a total amount of $1,656.39 with an amount due of $1,264.08.
Initially we observe that nothing in the record establishes that National (or any other defendant) actually paid the invoice. Since Mrs. Cawley bore the burden of proving an interruption of prescription and because the record does not contain evidence that a payment was actually made to Enterprise, she has failed to meet her burden.
Moreover, a compromise is made when the claimant of a disputed or unliquidated claim, regardless of the extent of her claim, accepts a payment that the other party tenders with the clearly expressed written condition that acceptance of the payment will extinguish the obligation. La. C.C. art. 3079.
17Under the plain language of the agreement, Mrs. Cawley accepted payment from National with a clearly expressed written condition that her acceptance of $3,838.99 released defendants from liability, i.e., extinguished any obligation belonging to National (and the other defendants) for “all liability for damages to any and all property.” Although the amount of consideration stated in the release did not expressly include an amount in excess of $3,838.99— i.e., those amounts that were part of her disputed or unliquidated claim — payment of an excess amount did not change the characterization of the contract entered into by Mrs. Cawley on June 2, 2008. Mindful that Mrs. Cawley has not proven that National actually tendered any amount to Enterprise on her behalf, we note it is axiomatic that payment of $5,103.07 (the total of the payments made to or on behalf of Mr. Cawley added to $1,264.08, the amount allegedly paid to Enterprise) would include $3,838.99, the stated amount of consideration. Thus, there is no failure of performance by National that would render the contract null.[3]
In the release, Mrs. Cawley agreed to accept, and acknowledged receipt of, $3,838.99. National’s payment of $3,838.99 was a concession it made to settle “all liability for damages to any and all property.” Loss of use of the Ford F-150 is a form of liability that arises out of “damage to any and all property.” Thus, rental of a replacement vehicle while the Ford F-150 was repaired was an item of damage encompassed in the scope of the release of “all liability for damages to any and all property.” Mrs. Cawley’s acceptance of $3,838.99 included any claim she may have had for loss of use as a result of the damage to the Ford F-150 truck. As such, the Uune 2, 2008 release was a settlement which, under La. R.S. 22:1290, could not be construed as an admission of liability by any of the defendants and, therefore, did not interrupt prescription on Mrs. Cawley’s claim for bodily injuries. Accordingly, the trial court correctly sustained the peremptory exception raising the objection of prescription.
DECREE
For these reasons, the trial court’s judgment is affirmed. Appeal costs are assessed against plaintiff-appellant, Robin Cawley.
AFFIRMED.

. La. R.S. 22:1290 was renumbered from La. R.S. 22:661 by La. Acts 2008, No. 415, § 1, eff. Jan. 1, 2009. The statute was also amended by La. Acts 2010, No. 703, § 1, eff. Jan. 1, 2011, to substitute the phrase "vehicle liability insurance policy for” for "motor vehicle liability insurance policy of,” which had been used in the earlier version of La. R.S. 22:1290 as well as in La. R.S. 22:661.

. The truck is presumably a community asset. See La. C.C. art. 2340. While Mr. Cawley may have had the exclusive right to manage the truck titled in his name, see La. C.C. art. 2351, the release, signed by both spouses, is binding on each. See La. C.C. arts. 1918, 1927, and 2346. Thus, while Mrs. Cawley may have been entitled to benefit from National’s payment of property damage to Mr. Cawley, it is the release of “all liability for damages to any and all property,” that constitutes a settlement under La. R.S. 22:1290 and precludes a finding that National's payments to Mr. Cawley amounted to an acknowledgement sufficient to interrupt prescription on Mrs. Cawley's personal injury claim. Mrs. Cawley has not challenged the authenticity of her signature or asserted that her consent to the agreement was defective in any manner.

. See La. C.C. arts. 1854 (performance by an obligor extinguishes the obligation) and 2029 (a contract is null when the requirements for its formation have not been met).