DRAKE, J.
h Celia Jones Palazzo, formerly Celia Jones Bezou, and Jacques F. Bezou, appeal a final judgment of the trial court fixing the costs of a court appointed special master, for his work assisting the trial court with issues regarding the , appellants’ former community of acquets and gains. The parties also appeal the trial court’s denial of peremptory exceptions raising the objection of prescription. The special master answered the appeal, seeking reversal of the portion of the trial court’s final judgment that denied him attorney’s fees. For the following reasons, we affirm the trial court’s judgment, affirm the trial court’s denial of the .peremptory exceptions pleading prescription, and deny the special master’s appeal.
*491 FACTS AND PROCEDURAL HISTORY
The parties were married in July 1980. Mrs. Palazzo filed a petition for divorce under La. C.C. art. 102 and for partition of community property against Mr. Bezou on May 30, 2003.[1] The trial court rendered judgment granting the divorce on March 31, 2004.
Mrs. Palazzo filed an unopposed motion to appoint Gregory M. Verges, C.P.A., as special master pursuant to La. R.S. 13:4165, to value certain items of- former community property. The parties consented to the trial court’s appointment of Mr. Verges, as both had utilized Mr. Verges’s services in the past in their attempts to identify and allocate assets and liabilities of the former community. The trial court signed the order appointing Mr'. Verges as special master on July 2, |¾2007, to determine how the parties’ former community of acquets and gains should be divided pursuant to La. R.S. 9:2801 et seq.[2]
Two weeks later, the parties filed an unopposed motion to jointly appoint special master and to amend and supplement the July 2, 2007 order appointing Mr. Verges as special master. The trial court signed the amended order appointing Mr. Verges as special master on July 23, 2007, to:
[Additionally to review and determine any and all spousal support or child support issues between the parties in addition to the partition of community ... and all other financial issues that may exist between the parties including reimbursement claims, and any other separate property claims which may exist between the parties.
Mr. Verges filed his opinion and findings regarding Mrs. Palazzo’s claim for interim spousal support, final periodic spousal support, and child support on April 14, 2008. Mr. Verges also filed his opinion and findings regarding an insurance claim contested by the parties on May 16, 2008. Mrs. Palazzo and Mr. Bezou objected to Mr. Verges’s opinion and findings regarding Mrs. Palazzo’s claims for spousal and child support, as well his findings regarding the insurance claim.
On July 2, 2008, Mr. Verges issued his opinion and findings regarding the parties’ community property and reimbursement claims. Mrs. Palazzo and Mr. Bezou objected to Mr. Verges’s opinion and findings regarding the partition of community property.
Following a trial held on October 8, 2008, for the partition of community property, rule for permanent spousal support, and other various rules, the trial court signed a judgment of partition of community property and incidental matters on December 17, 2008. The judgment of the trial court adopted all but nine of Mr, Verges’s recommendations, and those are not at issue here. The judgment taxed laMr. Verges’s special master fees as court costs: “IT IS FURTHER ORDERED, *492 ADJUDGED AND DECREED that the outstanding fees of the Special Master are hereby taxed as court costs and each party is responsible for 50% of those costs.”
On October 25, 2012, Mr. Verges filed a motion to fix costs of the special master, almost four years after the trial court had taxed his special master fees as court costs. Mr. Verges alleged that despite several amicable demands, his charges remained unpaid. He requested that the trial court set a contradictory hearing to fix his costs. In his motion, Mr. Verges sought his unpaid charges as costs, along with legal interest from the date of judgment and all costs of bringing the motion. Mr. Verges attached copies of his invoices and expense entries, along with supporting invoices for his advanced expenses.[3]
In response, Mr. Bezou and Mrs. Palaz-zo filed separate peremptory exceptions raising the objection of prescription.[4] The parties argued that Mr. Verges’s motion to fix his special master fees, filed more than four years after the trial court rendered the partition judgment taxing his fees as costs, was barred by the three-year prescriptive period for actions to recover compensation for services rendered, as provided by La. C.C. art. 3494(1). The parties further argued that Mr. Verges’s claims were also prescribed under La. C.C. art. 3494(4), if Mr. Verges’s services were considered sums due on an open account pursuant to La. R.S. 9:2781.
Mr. Bezou also filed a peremptory exception raising the objection of no cause of action challenging Mr. Verges’s request for retroactive legal interest from the December 17, 2008 judgment. Additionally, Mrs. Palazzo filed a motion, andj4 Mr. Be-zou filed a motion ex parte, to dismiss Mr. Verges’s motion to fix special master costs as abandoned, pursuant to La. C.C.P. art. 561(A)(3).[5]
Following a hearing on the exceptions and motions to dismiss, held on June 12, 2013, the trial court took the matter under advisement. On August 27, 2013, the trial court issued reasons for judgment and signed a judgment in accordance with those reasons on September 23, 2013. The judgment granted Mr. Bezou’s objection of no cause of action as to the legal interest from the December 12, 2008 judgment.[6] The judgment denied the exceptions pleading prescription and denied the motions to dismiss for abandonment. The judgment further stated that Mr. Verges’s special master fees taxed as court costs must be proved by contemporaneous records, and that the trial court had the inherent right to determine whether the fees claimed were fair and reasonable, or were excessive. The judgment noted that the fixing of the court costs was a matter reserved to the trial court.
From the trial court’s denial of the prescription exceptions, Mr. Bezou and Mrs. Palazzo filed separate writ applications with this court, seeking supervisory review of the trial court’s decision. This court *493 denied both writs. See Bezou v. Bezou, 2013-1828, 2013-1836 (La. App. 1. Cir. 12/20/13) (unpublished writ actions).
Mr. Verges then filed a motion for summary judgment, seeking his outstanding special master fees. Mr. Bezou and Mrs. Palazzo opposed Mr. Verges’s motion, and following a hearing, the trial court denied Mr. Verges’s motion for summary judgment.
Thereafter, the trial court held contradictory hearings on Mr. Verges’s motion to fix costs of the special master on December 5, 2014, February 6, 2015, |Band March 25, 2015, during which the court heard arguments and received evidence regarding the amount and reasonableness of the special master fees. During the March 25, 2015 hearing, Mr. Verges moved the trial court for attorney’s fees.[7] At the conclusion of the hearings, the trial court took the matter under advisement. The trial court issued reasons for judgment on May 13, 2015, and signed a final judgment in accordance with those reasons on June 19, 2015. The judgment awarded Mr. Verges $57,713.64 for his work as special master and taxed the amount as court costs to Mr. Bezou and Mrs. Palazzo, with each party responsible for fifty percent. The judgment denied Mr. Verges’s claim for attorney’s fees. Finally, the judgment ordered that Mr. Bezou and Mrs. Palazzo were each fifty percent responsible for all court costs incurred in these proceedings.
Mr. Bezou and Mrs. Palazzo now sus-pensively appeal the September 23, 2013, interlocutory judgment (denying the prescription exceptions and motions to dismiss for abandonment) and the June 19, 2015 final judgment (fixing the special master costs). Mr: Verges filed an answer to the appeal, seeking to reverse, in part, the June 19, 2015 judgment, which denied his request for attorney’s fees.
JURISDICTION: ASSIGNMENTS OF ERROR: STANDARD OF REVIEW
Mr. Bezou and Mrs. Palazzo assign legal error to the trial court’s denial of their peremptory exceptions raising the objection of prescription. Alternatively, the appellants assign error to the trial court’s denial of their motions to dismiss the special master’s motion and rule to fix costs of court as abandoned.[8]
LThe denial of a peremptory exception raising the objection of prescription and the denial of a motion to dismiss for abandonment are interlocutory in nature and generally not appealable; however, when an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the final judgment appealed from. La. C.C.P. arts. 1841 and 2083; Landry v. Leonard J. Chabert Med. Ctr., 2002-1559 (La.App. 1 Cir. 5/14/03), 858 So.2d 454, 461 n. 4, writs denied, 2003-1748, 2003-1752 (La. 10/17/03), 855 So.2d 761; Reed v. Finklestein, 2001-1015 (La.App. 4 Cir. 1/16/02), 807 So.2d 1032, 1033-34, writ denied, 2002-0550 (La. 4/26/02), 814 So.2d 560.
*494 We note that the “law of the case” doctrine does not bar us from reviewing this court’s previous writ denials as to the trial court’s denial of the appellants’ peremptory exceptions pleading prescription.[9] When an appellate court (or the supreme court) considers arguments made in supervisory writ applications or responses to such applications, the court’s disposition on the issue considered usually becomes law of the case, foreclosing re-litigation of that issue either at the trial court on remand or in the appellate court on a later appeal. However, the denial of a writ application creates a different situation. A denial of supervisory review is merely a decision not to exercise the extraordinary powers of supervisory jurisdiction, and does not bar reconsideration of, or a different conclusion on, the same question when an appeal is taken from a final judgment. Pence v. Austin, 2015-1371 (La.App. 1 Cir. 2/26/16), 191 So.3d 608, 613-14.
If evidence is introduced on a prescription exception, the trial court’s factual findings are subject to the manifest error standard of review. Carter v. Haygood,. 2004-0646 (La. 1/19/05), 892 So.2d 1261, 1267. Under this standard, a factual 17finding cannot be set aside unless the appellate court finds that it is manifestly erroneous or clearly wrong. Stobart v. State through Dept, of Transp. and Dev., 617 So.2d 880, 882 (La. 1993). In a case involving no. dispute regarding material facts, but only the determination of a legal issue, the reviewing court must apply the de novo standard of review, under which the trial court’s legal conclusions are not entitled to deference. Cawley v. Nat’I Fire & Marine Ins. Co., 2010-2095 (La.App. 1 Cir. 5/6/11), 65 So.3d 235, 237. In this case, no evidence was introduced at the hearing on the exceptions, and Mr. Verges’s motion to fix costs contained no dates. Therefore, the de novo standard applies to our review of the, trial court’s denial of the prescription exceptions.
As to the parties’ alternate assignment of error regarding the denial of the motions to dismiss the special master’s motion and rule to fix costs of court based on abandonment — whether or not a step in the prosecution of a case has been taken in the trial court for a period of three years is a question of fact subject to a manifest error analysis on appeal. Brown v. Kidney & Hypertension Associates, L.L.P., 2008-0919 (La.App. 1 Cir. 1/12/09), 5 So.3d 258, 264.
LAW AND DISCUSSION
Assignment of Error 1 — Prescription
In their first assignment of error, the parties aver the trial court committed legal error in denying the appellants’ peremptory exception raising the objection of prescription. The parties argue the trial court erred in construing the December 17, 2008 partition judgment as a money judgment and ruling that Mr. Verges had ten years from the date the partition judgment became final to pursue collection of the special master fees awarded to him therein, in accordance with the ten-year prescriptive period for money judgments provided for in La. C.C.. art, 3501. The parties contend, that Mr. Verges’s motion to fix costs of a court appointed special master is actually an action for the “recovery of compensation for services rendered” Las a special master, and as such, the trial *495 court should have applied the three-year liberative prescriptive period applicable to said actions, which is set forth in La. C.C. art. 3494(1). Alternatively, the parties aver that Mr. Verges’s motion was a suit on an open account, which is also subject to a three-year prescriptive period. La. C.C. art. 3494(4). Because Mr. Verges filed his motion more than three years after the December 17, 2008 judgment taxing the special master fees as court costs became final, the parties argue his claim for special master fees is prescribed.
Liberative prescription is a mode of barring of actions as a result of inaction for a period of time. La. C.C. art. 3447; Paternostro v. LaRocca, 2001-0333 (La.App. 1 Cir. 3/28/02), 813 So.2d 630, 634. The creation of prescriptive periods is exclusively a legislative task, and the state is afforded broad discretion in determining the time within which a claim must be brought. Marc S. Firestone, Prescription-What You Don’t Knoiv Can Hurt Yoio — Louisiana Adheres To A Three Year Limit On The Discovery Rule, 68 TulL.Rev. 1647,.,1549 (June 1984).
Louisiana Code of Civil" Procedure article 928(B) provides that peremptory exceptions pleading prescription may be pled at any stage of the proceeding in the trial court prior to submission of the case for a decision. Normally, the exceptor bears the burden of proof regarding his or her exception raising the objection of prescription; however, if the exception is raised and prescription is evident on the face of the pleadings, the burden shifts to the adverse party to show suspension, interruption, or renunciation. Safeco Ins. Co. v. Norcold, Inc., 2012-0755 (La.App. 1 Cir. 2/25/13), 113 So.3d 1104, 1106. Statutes providing for prescriptive periods are to be strictly construed in favor of maintaining a cause of action. David v. Our Lady of the Lake Hosp., Inc., 2002-2675 (La. 7/2/03), 849 So.2d 38, 47.
|flIn determining the applicability of laws, the more specific governs over the more general. Liberty Mut. Ins. Co. v. Louisiana Ins. Rating Comm’n, 96-0793 (La.App. 1 Cir. 2/14/97), 696 So.2d 1021, 1027, writs denied, 97-2062, 97-2069 (La. 12/19/97), 706, So.2d 451, 452. The character of an action disclosed in-the pleadings determines the prescriptive period applicable to that action. Starns v. Emmons, 538 So.2d 275, 277 (La. 1989). Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years. La. A. C. art. 3499. Mr. Verges’s claim for his fees as a special master is admittedly a personal action as defined by La C.C.P. art. 422.[10] Thus, it is only when the legislature has not provided a prescriptive period to cover the specific type, of personal action at issue that the ten-year prescriptive period of Article 3499 applies. See Grabert v. Iberia Par. Sch. Bd., 93-2715 (La. 7/5/94), 638 So.2d 645, 647.
Louisiana Revised Statutes 13:4165 governs the appointment, power, and responsibilities of a special • master. The -statute provides, in pertinent part:
A, Pursuant to the inherent judicial power of the court and upon its own motion and with the consent of all parties litigant, the court may enter an order appointing a special master in any civil action wherein complicated legal or factual issues are presented or wherein exceptional circumstances of the case warrant such appointment.
[[Image here]]
*496 B. The order appointing a special master may specify or limit the master’s powers. Subject to such specifications or limitations, the master has and shall exercise the power to regulate all proceedings before him and to do all acts and take all measures necessary or proper for the efficient performance of his duties.
C. (1) The court may order the master to prepare a report upon the matters submitted to him and, if in the course of his duties he is required to make findings of facts or conclusions of law, the order may further require that thej mas-ter10 include in his report information with respect to such findings or conclusions.
[[Image here]]
(3) Within ten days after being served with notice of the filing of the report, any party may file a written objection thereto. After a contradictory hearing, the court may adopt the report, modify it, reject it in whole or in part, receive further evidence, or recommit it with instructions. If no timely objection is filed, the court shall adopt the report as submitted, unless clearly erroneous.
D. The master’s compensation shall be reasonable, fixed by the court as limited by Subsection A of this Section, and taxed as costs of court.
E. Notwithstanding any other provision of law to the contrary, including Code of Evidence Article 706, the provisions of this Section shall provide the sole authority and procedure for the appointment, duties, powers, and compensation of a special master. [Emphasis added.]
As provided for by La. R.S. 13:4165(E), the special master statute is the “sole authority” governing the procedure for compensating a special master. Section 4165(D) clearly states that the trial court shall reasonably fix the compensation of a special master and tax that compensation as costs of court. The special master statute provides no time frame within which the trial court must fix the special master fees.
Louisiana Code of Civil Procedure article 1920 provides the general rule governing court costs: “Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause. Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.” Louisiana Code of Civil Procedure article 2088(A)(10) further provides that the trial court retains jurisdiction over certain matters, after an order of appeal is granted and bond filed, including the right to set and tax costs and expert witness fees.
|nAs stated, the special master statute contains no express statement of the time frame within which a special master must request that the trial court tax his compensation as court costs and the time frame within which the trial court must render judgment for costs. The trial court examined three prescriptive periods that could potentially apply to the special master’s claim in this matter: those applicable to actions for the recovery of compensation, suits on open accounts, and money judgments.
An action for the recovery of compensation of services rendered is subject to a three-year liberative prescriptive period. La. C.C. art. 3494(1). Likewise, an action on an open account is subject to a three-year liberative prescriptive period. La. C.C. art. 3494(4). A money judgment rendered by a trial court of this state is prescribed by the lapse of ten years from its signing if no appeal has been taken, or, if an appeal has been taken, it is prescribed by the lapse of ten years from the time the judgment becomes final. La. C.C. *497 art. 3501. And unless otherwise provided for by legislation, a personal action is subject to a liberative prescription of ten years. La. C.C. art. 3499.
In denying the prescription exceptions, the trial court issued' reasons for judgment. Therein, the court reasoned that the three-year period applicable to “compensation of services rendered” of La. C.C. art. 3494 did not apply to this matter as Mr. Verges’s claim for his special master fees was not an initial legal action filed by a special master seeking payment, but rather was a motion and rule to fix costs to determine the amount already owed to the special master, previously taxed as court costs in a prior judgment (the December 17, 2008 partition judgment).
The trial court went on to state that there is no specific statutory provision that sets forth a specific time frame within which such costs must be fixed, citing Edwards v. Sawyer Industrial Plastics, Inc., 31,316 (La.App. 2 Cir. 11/1/00), 790 So.2d 29, unit granted, 2000-3240 (La. 2/2/01), 783 So.2d 376[11]; Daly v. Abramson, 117 So.2d 772 (La.App. 2 Cir.1960)[12]; and Hall v. Mengel Co., 191 So. 759 (La.App. 1 Cir.1939).[13] The trial court reasoned that the ten-year prescriptive period applicable to money judgments was applicable to this matter, citing Cormier v. Roberson, 96-1107 (La.App. 1 Cir. 3/27/97), 691 So.2d 807.[14] The trial court further reasoned that the special master’s costs would need to be proved by contemporaneous records and evidence; that the matter of fixing court costs was reserved to the trial court; and that the trial court had the inherent right to determine whether the fees claimed were fair and reasonable.
*498 We first note that an appeal lies from the judgment itself, not the reasons for judgment. La. C.C.P. art. 2083. Where the trial court’s reasons for judgment are flawed, but the judgment is correct, the judgment controls. Reasons for judgment set forth the basis for the court’s holding and are not binding. Premier Games, Inc. v. State, Dep’t of Pub. Safety & Corr., Video Gaming Div., 99-0624 (La.App. 1 Cir. 5/12/00), 761 So.2d 707, 711 n. 4. The issue of how long a special master has to file a rule to tax costs after rendition of a final judgment appears to be res nova as there is no specific statutory provision setting forth a time frame within which such costs must be fixed by the trial court. The trial court’s reasons for judgment indicate that he relied on the general rules set forth in La. C.C.P. arts. 1920 and 2088, La. R.S. 13:3666, and jurisprudence for guidance on this issue. As previously stated, our review of this legal issue is subject to a de novo standard, and we owe.no deference to the conclusions of the trial court. See Cawley, 65 So.3d at 237.
The three-year prescriptive period applicable to actions to recover compensation for services rendered and suits on open accounts is inapplicable because Mr. Verges’s motion to fix his special master fees is not an action, suit, nor a main demand— his claim for special master fees is incidental to the Bezou suit and has already been taxed as court costs by the trial court, as mandated by La. R.S. 13:4165(D). All that remained, after Mr. Verges filed his motion and rule to fix costs, was for the trial court to fix his special master fees in accordance with La. R.S. 13:4165(D).
The ten-year prescriptive period applicable to money judgments is likewise inapplicable, A .money judgment, the characteristics of which may be ascertained from La. C.C. art. 3321 and La. C.C.P. arts. 2031 and 2291, is one that orders the payment of a sum of money, causes a judicial mortgage to attach, and that may be executed under a writ of fieri facias. Succession of Moody, 306 So.2d 869, 874 (La.App. 1 Cir. 1974), writ denied, 310 So.2d 639 (La. 1975). The December 17, 2008 partition judgment, which taxed Mr. Verges’s special master fees as court costs, did not fix those costs. Thus, the December 17, 2008 partition judgment did not require immediate payment of the special master fees, which are incidental to |14the suit, and could not be enforced by a writ of fieri facias-, therefore, it is not a money judgment. See Ursin v. New Orleans Aviation Bd., 2004-885 (La.App. 5 Cir. 4/26/05), 902 So.2d 508, 511, writ denied, 2005-1349 (La. 12/9/05), 916 So.2d 1065.
As La. R.S. 13:4165 is the sole authority for the compensation of a special master, but provides no time frame in which the trial 'court must fix the special master’s compensation, we conclude that the libera-tive prescription of ten years, applicable to personal actions, applies in this instance. La. C.C, art. 3499.
We note, however, that the parties did not establish when prescription commenced to run on Mr. Verges’s request to fix costs of court. The judgment indicates that Mr. Verges had additional work to perform as special master after the rendition of judgment; therefore, his fees would not have been able to be fixed at the time of the judgment.[15] If the three-year pres *499 criptive period of La. C.C. art. 3494, applicable to compensation for services rendered and suits on open accounts, applies as is contended by the parties, La. C.C. art. 3495 states that “prescription commences to run from the day payment is exigible.” As of the date of the judgment, December 17, 2008, payment to Mr, Verges was not exigible.
The December 17, 2008 judgment, which taxed Mr. Verges’s special master fees as court costs, indicates that Mr. Verges still had special master duties-to perform after the date of judgment. Therefore, even if the three-year period of La. C.C. art. 3494 for the collection of fees for professional services applies, Mrs. Pa-lazzo and Mr. Bezou did nót establish when that prescriptive period began to run because the special master’s fees could not have been determined as of the date of the December 17, 2008 judgment taxing the special master fees as court costs. The hstrial court correctly recognized that costs are incidental to the suit and generally can be taxed by a rule to show cause filed after the final judgment. Although it is less clear whether a special master can wait almost four years to file such a rule,[16] in this case, the parties did not establish with evidence at the hearing on the exceptions the initial date upon which Mr. Verges could have filed his rule because the parties rely solely on the judgment date—December 17, 2008—as the date Mr. Verges should have filed the rule. Therefore, based on our de novo review, we find no error in the trial court’s denial of the prescription exceptions.
Assignment of Error 2—Abandonment
In their second assignment of error, the parties argue the trial court erred in denying their motions to dismiss for abandonment, as more than three years without any activity elapsed between the December 17, 2008 partition judgment, and October 25, 2012, when Mr. Verges filed his motion to fix costs of the special master.
Pursuant to. La. C.C.P. . art. 561(A)(1), an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. Based on the plain language of the abandonment article, Article 561(A)(1), and the special master statute, La. R.S. 13:4165, specifically the use of the term, “parties,” it is clear that a special master is not a party to a suit. See La. R.S. 1:3 and Cleco Evangeline, LLC v. La. Tax Comm’n, 2001-2162 (La. 4/3/02), 813 So.2d 351, 354. A special master is an appointed officer of the court, consented to by the parties litigant, whose purpose is to facilitate the progress and fair disposition of cases, not prosecute or defend said cases. See La. C.C.P. art. 561(A)(1) and La. R.S. 13:4165(A) and (B). Based on the foregoing, we find no |1fierror, legal or otherwise, in the trial court’s denial of the parties’ motion to dismiss for abandonment. Cawley, 65 So.3d at 237; Brown, 5 So.3d at 264.
Answer to the Appeal—Attorney’s Fees
Mr. Verges assigns error to the trial court’s failure to award attorney’s fees pursuant to La. C.C.P. art, 1472 and La. R.S. 13:3738. Louisiana Code of Civil Procedure article 1472 provides:
If a party fails to admit the genuineness of any document or the truth of , any matter as requested under Article 1466, and if the party requesting the admissions thereafter proves the genuineness *500 of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney’s fees. The court shall make the order unless it finds that the request was held objectionable pursuant to Article 1467, or the admission sought was of no substantial importance, or the party failing to admit had reasonable ground to believe that he might prevail on the matter, or there was other good reason for the failure to admit.
The fees awarded under La. C.C.P. art. 1472 are those incurred in proving the truth of the requested admission. Cotton v. Credit Gen. Ins. Co., 91-2674 (La.App. 1 Cir. 12/28/98), 723 So.2d 1083, 1085. There is no requirement in Article 1472 that a motion to compel be filed to warrant an award of attorney’s fees.
Furthermore, the trial court is required to allow the introduction of “all admissible evidence” when an attorney fee is claimed. La. R.S. 13:3738; Gulf Wide Towing, Inc. v. F.E. Wright (U.K.) Ltd., 554 So.2d 1347, 1354 (La.App. 1 Cir.1989). The trial court has wide discretion in determining whether to award attorney’s fees based on a party’s failure to admit the truth of any matter that is later proved to be genuine. Matthews v. Matthews, 2015-499 (La.App. 5 Cir. 12/23/15), 184 So.3d 173, 180.
In 2012, Mr. Verges sent requests for admission, interrogatories, and requests for production of documents to Mrs. Palaz-zo and Mr. Bezou. The parties l17asserted general denials. Mr. Verges argues that the parties failed to respond truthfully to his requests for admission regarding: (i) the parties’ receipt of invoices from Mr. Verges for his work as special master; and (ii) whether the parties were aware that his special master fee was still outstanding. At the hearing on his motion to fix costs, Mr. Verges also sought to put into evidence his actual invoices for attorney’s fees for the trial court’s consideration.
Though the parties initially denied Mr. Verges’s requests for admission, the parties freely admitted to receiving invoices and being aware of the outstanding special master fees. Thus, Mr. Verges was not required to prove the truth of the matter sought by his requests for admission because the parties’ responses were later amended or clarified. See Matthews, 184 So.3d at 180-81. As reasoned by the trial court, “the parties corrected their incorrect discovery responses through the course of the litigation.” Furthermore, the trial court admitted, over opposing counsel’s objections, Mr. Verges’s invoices for attorney’s fees. There is no evidence that the trial court failed to allow the introduction of admissible evidence related to Mr. Verges’s claim for attorney’s fees.
Therefore, under the facts of this particular case, we find no error in the trial court’s denial of fees. Stobart, 617 So.2d at 882. The relief sought by Mr. Verges in his answer to the appeal is denied.
DECREE
The September 23, 2013 interlocutory judgment and the June 19, 2015 final judgment of the trial court are hereby affirmed. The answer to the appeal, filed by Gregory M. Verges, is denied. All costs of this appeal are assessed equally to the appellants, Celia Jones Palazzo, formerly Celia Jones Bezou, and Jacques F. Bezou.
JUDGMENTS AFFIRMED; ANSWER TO APPEAL DENIED.
Pettigrew, J., Concurs

. Article 102 of the Louisiana Civil Code provides:
Except in the case of a covenant marriage, a divorce shall be granted upon motion of a spouse when either spouse has filed a petition for divorce and upon proof that the requisite period of time, in accordance with Article 103.1, has elapsed from the service of the petition, or from the execution of written waiver of the service, and that the spouses have lived separate and apart continuously for at least the requisite period of time, in accordance with Article 103.1, pri- or to the filing of the rule to show cause. The motion shall be a rule to show cause filed after all such delays have elapsed.”

. These statutes govern the valuation, allocation, and assignment of ownership of community property in a partition, as well as the settlement of claims arising from matrimonial regimes and co-ownership of former community property.

. Mr. Verges contemporaneously filed an ex parte motion to file documents under seal, including non-redacted invoices reflecting charges he sought to have fixed as his special master costs. This motion was granted by the trial court.

. Mrs. Palazzo joined in the exception filed by Mr. Bezou and adopted his arguments. Mr. Verges filed an opposition to Mr, Bezou's prescription objection.

. Mr. Verges responded to the parties’ motions to dismiss for abandonment.

. The trial court's reasons for judgment state that Mr. Verges agreed he was not entitled to the retroactive legal interest related to costs, and Mr. Verges withdrew his claim for interest.

. Mr. Verges moved for attorney’s fees pursuant to La. C.C.P. art. 1472 and La. R.S. 13:3738.

. Rule 1-3 of the Uniform Rules of Louisiana Courts of Appeal provides, and our jurisprudence generally establishes, that the courts of appeal will review only issues that were submitted to the trial court and that are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise. Sullivan v. City of Baton Rouge, 2014-0964 (La.App. 1 Cir. 1/27/15), 170 So.3d 186, 194-95.

. While the notice of intent to seek writs indicated that Mr. Bezou sought writs as to the denial of his motion for abandonment, he did not list that as an assignment of error, nor did he brief, the issue in his writ application. Therefore, that issue was not before this court in the underlying writ action. See Uniform Rules, Courts of Appeal, Rule 1-3,

. In pertinent part, Article 422 provides ‘‘[a] personal .action is one brought- to enforce an obligation against the obligor, personally and independently of the property which he may own, claim, or possess.”

. In Edwards, the second circuit examined La. C.C.P. arts. 1920 and 2088, and La. R.S, 13:3666, which set out the general rule regarding taxing expert fees as costs of court. That court concluded that the general rule is that expert witness fees may be taxed as costs against the party cast in judgment, with the ' trial court retaining jurisdiction to do so, by a rule to show cause filed by the prevailing party after rendition of the final judgment. Edwards, 790 So.2d at 31-32. However, Edwards involved a workers’ compensation matter. The second circuit held that there existed a more specific rule regarding the fixing of expert witness fees in the context of workers' compensation cases, La. R.S. 23:1317, which precluded the taxing of such fees in a workers’ compensation case after the rendition of final judgment. Edwards, 790 So.2d at 32. The second circuit vacated the award of expert witness fees. Edwards, 790 So.2d at 35. While the supreme court granted writs in Edwards, there is no subsequent history after the grant of writs.

. In Daly, a second circuit redhibition suit, the court noted the general rule that the fixing of expert witness fees and the taxation of such fees as court costs occurs after the trial of a rule to' tax the fees "as costs. Daly, 117 So.2d at 781 (on rehearing). The second circuit also noted another case where the court said it was premature to award expert witness fees as costs in a final judgment, but noted thát such had been allowed to stand when the party cast for costs did not complain. Daly, 117 So.2d at 781 (on rehearing) (citing Randazzo v. Lucas, 106 So.2d 490 (La.App. Orleans 1958).

. In Hall, a workers’ compensation case that predated La. R.S. 23:1317’s requirement of the taxation of expert fees in the final judgment (the issue in Edwards), the plaintiff answered the appeal, requesting that the judgment be amended by fixing the expert witness fees. This court held that the trial court was in a better position to determine the value of expert fees than the appellate court and that said fees could be fixed under a rule to tax costs after judgment and incidental to the suit. Hall, 191 So. at 761-62.

. In Cormier, this court recognized that the party in whose favor costs were awarded in a judgment can file a rule to show cause to have the precise amount of costs set and taxed if not agreed upon by the parties;' however, this court did not recognize a time period for filing a rule to tax costs, as that was not at issue in the case. Cormier, 691 So.2d at 810,

. , The judgment indicates that Mr. Verges had to determine equalization payments after . the sale of the parties’ Brunning Road property, Furthermore, the judgment indicated that Mr. Verges was to audit Mr. Bezou’s contingency fee cases and monitor any fees received for any structured settlement cases in which the community had an interest so that Mrs. Palazzo would receive her appropriate share.

. That is a matter reserved for the legislature as the creation of prescriptive periods is exclusively a legislative task, and the state is afforded broad discretion in determining the time within which a claim must be brought, .Firestone, Prescription, 58 Tul.L.Rev. at 1549.